In the Matter of JOSHUA BECKER, an Alleged Mentally Ill Person, Respondent.

Supreme Court, Special Term, New York County, March 21, 1950.

*Andrew S. Fraser* for motion.

*John P. McGrath, Corporation Counsel* (*Michael J. Kilcommons* of counsel), opposed.

EDER, J. The respondent was arrested upon a criminal charge. He was arraigned before a City Magistrate and committed to Bellevue Hospital for observation where he has ever since been detained. He was examined by two psychiatrists who diagnose the respondent's mental condition as paranoid psychosis and found the judgment and insight of respondent to be impaired.

Respondent's commitment to Bellevue Hospital was directed pursuant to section 870 of the Code of Criminal Procedure, entitled " *Order for examination as to sanity of a defendant.*"

In view of the findings of the psychiatrists, the lay superintendent of Bellevue Hospital pursuant to section 872 of the Code of Criminal Procedure, instituted proceedings as provided in the Mental Hygiene Law, to commit the respondent to a State mental institution. The procedure for commitment to a State mental institution under the Mental Hygiene Law on court certification is set forth in section 74 thereof, the relevant subdivisions thereof being 4 and 7.

It is provided by section 76 of the Mental Hygiene Law that if there is a final order entered directing continued detention, it may be reviewed and the question of the mental illness of the committed person tried before a jury.

In the instant case no final order has been made; only the preliminary steps toward ultimate commitment have been taken.

The proceeding was instituted by the lay superintendent on February 3, 1950; on said day notice was served on respondent and on his brother and February 7, 1950, was the day set down for this proceeding; on that day the matter was adjourned to March 7, 1950, but is presently stayed under a show cause order of a justice of this court.

It is at this stage of the proceeding that respondent moves for an order directing a trial by jury of specifically enumerated issues of fact, and also for an order directing the petitioner, said lay superintendent, to furnish and deliver a copy of the petition and all papers and exhibits attached thereto. Respondent claims he is entitled to a jury trial under both the National and State Constitutions. I find nothing in the provisions to which he refers which supports this claim (viz. N. Y. Const., art. I, § 2; U. S. Const., 5th, 7th, 14th Amendts.) that respondent is entitled, at this preliminary stage, to a jury trial. As pointed out a trial by jury is provided for after *final* order made. The constitutionality of this type of legislation was sustained in *Minnesota ex rel. Pearson* v. *Probate Court* (309 U. S. 270); see, also, *Matter of Brown* (46 N. Y. S. 2d 575, revd. on other grounds, 268 App. Div. 886) and *Sporza* v. *German Sav. Bank* (192 N. Y. 8, 18).

Since there is no right of respondent to demand a jury trial prior to the making of a final order, as mentioned, the motion for a jury trial is denied.

As to the branch of the motion to require petitioner to furnish a copy of the petition, the motion is denied. Section 662-a of the Code of Criminal Procedure does not apply; there is no provision for service of a copy. Settle order.